UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 15-20992 (JJT) |
| | ) | | |
| CRAIG A. POSSARDT and | ) | | |
| DEBRA F. POSSARDT, | ) | CHAPTER | 7 |
|      DEBTORS. | ) | | |
| | ) | | |
| ANTHONY S. NOVAK, | ) | | |
| CHAPTER 7 TRUSTEE | ) | ADV. PRO. No. | 16-02025 (JJT) |
| | ) | | |
|      PLAINTIFF, | ) | | |
| v. | ) | | |
| | ) | RE: ECF No. | 8, 11 |
| UNIVERSITY OF CONNECTICUT, | ) | | |
| | ) | | |
|      DEFENDANT. | ) | | |

## **APPEARANCES**

Jeffrey Hellman, Esq.                                                      Attorney for the Plaintiff
Law Offices of Jeffrey Hellman, LLC
195 Church Street, Tenth Floor
New Haven, CT 06510

Denise S. Mondell, Esq.                                                 Attorney for the Defendant
Assistant Attorney General
State of Connecticut
55 Elm Street, Fourth Floor
P.O. Box 120
Hartford, CT 06141

## **MEMORANDUM OF DECISION AND ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS THE TRUSTEE'S SECOND CLAIM FOR RELIEF**

Before the court is the Defendant University of Connecticut's ("UConn") Motion to Dismiss the Complaint's Second Claim for Relief ("Motion to Dismiss", ECF No. 8) and responsive pleadings thereto. This Adversary Proceeding was commenced by the Chapter 7 Trustee, Anthony S. Novak ("Trustee") on April 26, 2016 (ECF No. 1), and seeks to avoid

tuition payments allegedly made to UConn, a state entity, by the debtors on behalf of their son pursuant to 11 U.S.C. § 544(b)(1) and the Connecticut Fraudulent Transfer Act, Conn. Gen. Stat § 52-552(e)(a)(2) and § 52-552f(a). On June 27, 2016, UConn filed the Motion to Dismiss on the grounds that the Trustee's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). It argued that the Trustee failed to meet the actual unsecured creditor of requirement of 11 U.S.C. § 544(b), because the doctrine of sovereign immunity barred any actual unsecured creditor from bringing a fraudulent conveyance action against a governmental entity under the Connecticut Fraudulent Transfer Act. On July 7, 2016, the Trustee filed a Memorandum of Law in Opposition to the Motion to Dismiss (ECF No. 11), arguing that 11 U.S.C. § 106(a)(1) abrogates state sovereign immunity in fraudulent transfer cases under 11 U.S.C. § 544. On July 14, 2016, a hearing was held and the court took the matter under advisement. Having reviewed the record and all papers submitted in support of and in opposition to the motion as well as the applicable law, the court concludes, consistent with the Supreme Court's sovereign immunity jurisprudence, that the adoption of the Bankruptcy Clause "reflects the States' acquiescence in a grant of congressional power to subordinate…sovereign immunity defenses that might have been asserted in bankruptcy proceedings". *Central Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 126 S. Ct. 990 (2006).

For the reasons stated in this court's decision, *Thomas C. Bosarino*, *Chapter 7 Trustee v. Board of Trustees of Connecticut State University System (In Re: Knight)*, Ch. 7 Case No. 15-21646, Adv. No. 15-02064 (Bankr. D. Conn. October 20, 2016), which adopts the holding of the recent opinion *Kara S. Rescia, Chapter 7 Trustee v. Eastern Connecticut State University (In Re: Harnett)*, No. 14-32223 (JAM), 2016 WL 5800464 (Bankr. D. Conn. Sept. 30, 2016) hereby incorporated by reference, UCONN's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut this 20th day of October 2016.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut